UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA MAUDE VOCK,

        Plaintiff,

                                          Case No. 13-cv-12753
                                          Honorable Gershwin A. Drain

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [#18] IN PART

### I. INTRODUCTION

      Plaintiff filed the instant action seeking judicial review of Defendant's denial of her claim for supplemental security income benefits. On August 22, 2014, this Court accepted the Magistrate Judge's recommendation to reverse the decision of the Commissioner. *See* Dkt. No. 16. The Magistrate Judge concluded that the Administrative Law Judge ("ALJ") failed to (1) state the weight given to treating source Dr. Yoon's opinion or give good reasons for not giving Dr. Yoon's opinion controlling weight, and (2) state how the treatment record contradicted Dr. Herringshaw's one-time psychological examination. *See* Dkt. No. 15 at 42-51. Accordingly, the Magistrate Judge found that the ALJ's conclusion was not supported by substantial evidence. *Id.* at 52. This Court agreed, and remanded this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 16.

      Now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 18. Plaintiff requests attorney

-1-

fees in the amount of $6,187.77, representing 33.80 hours of attorney work multiplied by an hourly rate of $183.07.  Additionally, Plaintiff seeks an additional $400.00 as reimbursement of the District Court filing fee, payable from the Judgment Fund.  Defendant filed a Response in Opposition on October 2, 2014, arguing that the Court should deny Plaintiff's request for attorney fees because its position was substantially justified.  Alternatively, Defendant maintains that if this Court concludes its position was not substantially justified, the total fees requested should be reduced because they are excessive and unreasonable.  Plaintiff filed a Reply brief in support of her request for attorney fees on October 10, 2014.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter.  As such, the Court will determine the present motion on the briefs.  *See* E.D. Mich.  L.R. 7.1(f)(2).  For the reasons that follow, the Court will award Plaintiff her attorney fees, but in a lesser amount than requested.

## II. LAW & ANALYSIS

To be entitled to attorney's fees under the EAJA, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable.  *See* 28 U.S.C. § 2412 (d)(1)(A); *see also Hensley v.  Eckerhart*, 461 U.S. 424, 437 (1983).  A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion.  *Damron v. Comm'r of Soc.  Sec.*, 104 F.3d 853, 855 (6th Cir.  1997).  However, the Sixth Circuit Court of Appeals has cautioned the district courts against "rubber stamp[ing]" EAJA attorney fees applications.  *Begley v.  Sec.  Health & Human Serv*., 966 F.2d 196, 199-00 (6th Cir.  1992).

Pursuant to the Supreme Court's ruling in *Shalala v. Schaefer*, Plaintiff is a prevailing party by virtue of the sentence four remand pursuant to 42 U.S.C. § 405(g). 509 U.S. 292, 301-02 (1993). Moreover, Plaintiff's request for fees is timely. *See Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379, 380-81 (E.D. Mich. 1987) (citing *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96, 100 (W.D. Ky. 1986)); *Rios v. Comm'r of Soc. Sec.*, No. 10-cv-14443, 2011 WL 5138675, at *1 (E.D. Mich. Oct. 5, 2011) *report and recommendation adopted*, No. 10-cv-14443, 2011 WL 5138671 (E.D. Mich. Oct. 28, 2011) (noting that in the Sixth Circuit, "the time for filing begins to run only when the underlying judgment has become final; i.e., 60 days after judgment is entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime."). Therefore, the only issues before the Court are (1) whether Defendant's position was substantially justified, and (2) whether Plaintiff's fees request is reasonable.

### A.   Substantial Justification

" '[T]he [g]overnment bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis both in law and fact.' " *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725-26 (6th Cir. 2014)). The government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (6th Cir. 1987). The government's position comprehends both its underlying actions during the administrative proceedings and its litigation position in federal court. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D).

A finding by the district court that the decision of the Commissioner is "not supported by substantial evidence is not equivalent to a finding that the position of the United States was not

substantially justified." *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984); *see also Anderson v. Comm'r of Soc. Sec.*, No. 98—6284, 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999) [198 F.3d 244 (Table) ] (unpublished per curium) ("[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'"). Where remand occurs due to the failure of the ALJ to articulate his or her reasoning, this "does not, in and of itself, establish that there was not reasonable basis for the ALJ's decision to deny benefits." *Saal v. Comm'r of Soc. Sec. Admin.*, No. 1:08-cv-347, 2010 WL 2757554, at *3 (W.D. Mich. June 24, 2010) *report and recommendation adopted*, No. 1:08-cv-347, 2010 WL 2757779 (W.D. Mich. July 13, 2010); *see also Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) ("That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified.").

Defendant argues that the only error committed by the ALJ was an articulation error; therefore its position was reasonable both in law and fact. However, contrary to Defendant's argument, the error here was more than lack of articulation. In addition to the ALJ's failure to give appropriate weight and consideration to the opinions of Dr. Yoon and Dr. Herringshaw, the Magistrate Judge also emphasized that the ALJ improperly substituted her own lay medical opinion for that of a treating or examining doctor. *See* Dkt. No. 15 at 52 n.4. The Magistrate Judge emphasized that there are limited occasions when the medical evidence is so clear, and so undisputed, that an ALJ would be justified in drawing functional capacity conclusions from evidence without the assistance of a medical source. *Id.* Nevertheless, the Magistrate Judge correctly noted that this was not such a case, and that under the circumstances an expert medical

advisor was necessary to properly evaluate plaintiff's impairments, symptoms and functional limitations. *Id.*

The government has failed to meet its burden to prove that it was substantially justified in opposing remand of such an error-ridden benefit determination, especially in light of the particular errors identified. The ALJ's errors go to the heart of Plaintiff's disability claim as the ALJ substituted her own opinion for that of a treating or examining doctor. In substituting her opinion, she failed to give proper weight and consideration to the opinions of Dr. Yoon and Dr. Herringshaw in accordance with the applicable regulations and laws. "[W]hen an ALJ fails to follow established law and 'clear congressional guidance,' the defendant's position cannot be substantially justified." *Ralston v. Astrue*, No. 09-cv-14790, 2011 WL 7299836, at *4 (E.D. Mich. Aug. 30, 2011) *report and recommendation adopted*, No. 09-cv-14790, 2012 WL 479831 (E.D. Mich. Feb. 14, 2012) (citing *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1997) & *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985)). Consequently, the Court finds that Plaintiff is entitled to attorney fees under the EAJA.

### B. Hourly Rate

With respect to the hourly rate awarded to attorneys representing prevailing parties, the EAJA states in relevant part:

> The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff maintains that she is entitled to an hourly rate of $183.07 due to inflation—based on the Bureau of Labor Statistics's Consumer Price Index ("CPI")—and the fact that Plaintiff's firm's cost of litigating cases has increased significantly since 1996 when

the EAJA was enacted. In response, the government emphasizes that Plaintiff has failed to provide an affidavit demonstrating the local market rate from a local attorney who handles Social Security cases. Accordingly the government argues that Plaintiff is left only with the CPI to justify an increase in the statutory rate based on an increase in the cost of living.

The determination of whether an award above the statutory maximum is appropriate is left to the "sound discretion of the district court." *Begley*, 966 F.2d at 199. Plaintiff bears the burden of producing "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

As an initial matter, it is well settled that relying on the CPI to support a higher hourly fee amount is insufficient evidence to support an award above the statutory maximum. *See Sleight v. Comm'r of Soc. Sec.*, No. 11-13109, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) (declining to award fees in excess of the $125.00 hourly rate because the plaintiff based "her request for an increased attorney fee solely on the CPI, and . . . such reliance [is] insufficient to satisfy the burden of proof."); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) (same); *Tyler v. Comm'r of Soc. Sec.*, No. 12-14527, 2014 WL 1260652, at *3 (E.D. Mich. Mar. 27, 2014) (same).

The remaining evidence that Plaintiff points to in support of her request does not show that she has met her burden. In addition to counsel's affidavit, Plaintiff includes the affidavit of Harry J. Binder, the Senior Partner and Chief Financial Officer of Plaintiff's counsel's law firm based in New York City. *See* Dkt. No. 18-4. Mr. Binder indicates that there have been significant increases in costs for trying cases since the passage of the EAJA in 1996. *Id.*

However, the government aptly emphasizes that Plaintiff has failed to provide any explanation as to why the Court should award rates based on New York City costs when Plaintiff resided in eastern Michigan. *See* Dkt. No. 19 at 11-12.

As a district court, this Court has been instructed "to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley*, 966 F.2d at 200. Here, Plaintiff has failed to provide an affidavit from a local attorney who handles Social Security cases in order to satisfy the requirement demonstrating that the amount requested is in line with the local prevailing market rates for similar work.  To address this failure, Plaintiff contends that this Court can simply take judicial notice of previous rates awarded in this District for counsel of comparable skill and experience. *See* Dkt. No. 20 at 4.  The Court disagrees.

To reiterate, Plaintiff—not the Court—bears the burden of producing "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n.11). Plaintiff contends that this "would require extensive time and expense constantly surveying various local communities and preparing a report on the results of the survey or compensating various attorneys to prepare affidavits for competitors in the marke[t]." Dkt. No. 20 at 4.

The Court is not convinced. Plaintiff's burden of showing that the amount requested is in line with local market rates "is ***quite easily*** accomplished by filing an affidavit from a local attorney who routinely handles these types of cases, ***which counsel here has failed to do***." *Shumaker v. Comm'r of Soc. Sec.*, No. 1:11cv2801, 2013 WL 6501300, at *3 (N.D. Ohio Dec. 11, 2013) (emphases added).  "It is not the Court's responsibility to comb through its own cases to attempt to ascertain a prevailing rate." *Id.*

Taking Plaintiff's approach would essentially reduce the explicit requirement that Plaintiff produce satisfactory evidence to a nullity. If the Court were to adopt Plaintiff's view, there would no longer be a need for future plaintiffs to produce evidence of the local market rate, because the Court could just to take judicial notice of previous rates awarded. Such an approach is not in accordance with the law of this Circuit. *See*, *e.g.*, *Shumaker*, 2013 WL 6501300 at *3 (quoting *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 664 (6th Cir. 2008, for the proposition that "rates awarded in other cases do not set the prevailing market rate—only the market can do that.").

In sum, the Court will not accept the approach advanced by plaintiff. The Court is not persuaded by Plaintiff's citation to other cases in this District approving rates similar to those requested here.[1] Instead, the Court finds that Plaintiff has failed to provide evidence demonstrating an entitlement to an hourly rate above the statutory maximum in the relevant community. *See*, *e.g.*, *Gay v. Colvin*, No. 11-cv-10771, 2013 WL 4604177, at *4 (E.D. Mich. Aug. 29, 2013). *Compare Poholski v. Comm'r of Soc. Sec.*, No. 1:12-CV-1414, 2014 WL 1775688, at *2 (W.D. Mich. May 5, 2014) (awarding hourly rate of $181.63 based on affidavit of plaintiff's counsel, the CPI, the 2010 State Bar of Michigan Economics of Law Practice Survey, and affidavits of other attorneys), *with Brassard v. Commissioner,* No. 1:12–cv–345, 2013 WL 1499035, at *1 (W.D. Mich. Apr.10, 2013) (limiting the EAJA award to the statutory rate, because the "only evidence submitted . . . was a consumer price index excerpt.").

---

[1] For example, Plaintiff cites *Crooks v. Commissioner of Social Security* to argue that "[i]ncreased hourly rates in line with those requested here have been routinely approved in this District for counsel who has similar experience in Social Security disability law as the counsel in the present case." Dkt. No. 20 at 5 (citing, amongst other cases, No. 12-13365, 2014 WL 3400697 (E.D. Mich. July 10, 2014)). However, it is important to note that the counsel in *Crooks* provided CPI evidence *AND* additional evidence to buttress their claim that their requests were in accordance with local rates. *See Crooks*, 2014 WL 3400697 at *7.

Nevertheless, though Plaintiff has not met her burden of establishing the need for the particular increased rate requested—given the limited information that Plaintiff's counsel did provide—the Court agrees that $125.00 is too low a rate. "Since a reasonable increase is appropriate, the Court will permit a rate of $150.00 per hour." *Shumaker*, 2013 WL 6501300 at *3.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees [#34] is **GRANTED IN PART**. Defendant shall pay Plaintiff a total of $5,070.00 in attorney fees, which is 33.80 hours multiplied by a rate of $150.00. Additionally, Plaintiff is awarded $400.00 in costs, for a total award of $5,470.00.

SO ORDERED.

Dated: December 9, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge